FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/4/2023 4:17 PM
JAMIE SMITH
DISTRICT CLERK
A-210975

CAUSE NO. _____

| | | |
|---|---|---|
| **RANODA MCCLAIN-LEE** *Plaintiff,* | § § § | **IN THE DISTRICT COURT** |
| V. | § § | **OF JEFFERSON COUNTY, TEXAS** |
| **CITY OF PORT ARTHUR, TEXAS** *Defendant.* | § § § | **\_\_\_\_\_ JUDICIAL DISTRICT** |

## PLANTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Ranoda McClain-Lee, hereinafter called Plaintiff, complaining of and about City of Port Arthur, Texas, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### I.   *Discovery Level*

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.   *Parties*

3. Plaintiff, Ranoda McClain-Lee, is an Individual whose address is 3049 Eugenia Ln, Groves, TX 77619. The last three numbers of Plaintiff's driver's license are 553. The last three numbers of Plaintiff's social security number are 359.

4. Defendant City of Port Arthur, Texas, is a city in the State of Texas and may be served with process at 444 4th St, Port Arthur, Texas 77640 or wherever they may be found. *Citation is requested.*

5.  In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### III. Jurisdiction and Venue

6.  The subject matter in controversy is within the jurisdictional limits of this court.

7.  Plaintiff seeks monetary relief of $250,000 or less.

8.  Venue is proper in Jefferson County, Texas pursuant to § 15.002 of the Texas Civil Practice and Remedies Code as all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas. Further, venue is proper in Jefferson County, Texas because Defendant is a city located within Jefferson County, Texas. Tex. Civ. Prac. & Rem. Code § 15.151.

### IV. Nature of Action

9.  This is an action under Texas common law, Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. Texas Labor Code, as amended; Title VII 42 U.S.C. § 2000e et. seq., to correct unlawful employment practices on the basis of race, sex, and engaging in a protected practice.

### V. Conditions Precedent

10. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## VI. Statements of Fact and General Allegations

11. The facts of this instant case are set forth in the Charge of Discrimination attached to this petition as **"Exhibit A"** and incorporated herein as if fully set forth.

## VII. Discrimination Based on Race and Sex

12. Defendant, City of Port Arthur, intentionally engaged in unlawful employment practices involving Plaintiff because of her race and sex.

13. Defendant, City of Port Arthur, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race and sex in violation of the Texas Labor Code.

14. Defendant, City of Port Arthur, intentionally classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to Caucasian employees and male employees similarly situation in violation of the Texas Labor Code.

15. At all times material hereto, Plaintiff was able to perform the essential functions of her position. Plaintiff was discriminated against on the basis of her race and sex.

## VIII. Retaliation for Engaging in a Protected Activity

16. Defendant, City of Port Arthur, intentionally engaged in unlawful employment practices involving Plaintiff because of her race and sex.

17. Plaintiff engaged in protected activity.

18. Defendant, City of Port Arthur, took action against Plaintiff that a reasonable employee would consider to be materially adverse in retaliation for engaging in that activity.

19. A causal connection exists between the protected activity and the adverse employment action endured by Plaintiff.

## IX. *Negligent Hiring, Supervision, and/or Management*

20. Plaintiff would show that Defendant owed a duty to Plaintiff, to exercise orginary care in the hiring of competent employees, and in the supervision and management of their employees.

21. Plaintiff would further show that Defendant failed to use ordinary care in these respects, including, but not limited to failing to properly investigate potential job applicants, failing to properly supervise their personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees. These conditions created an environment in which discrimination and retaliation were likely and reasonably foreseeable to occur, and which in fact did occur in the course of Plaintiff's employment.

22. Defendant's actions described herein above, proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

## X. *Damages*

23. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered and will continue to suffer damage in the form of lost back wages, lost future wages (*i.e.,* front pay), compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other no-pecuniary losses.

## *XI.* *Exemplary Damages*

24. Defendant's actions were malicious and motivated by ill will, spite, and evil motive, and were taken for the purpose of injuring Plaintiff. An award of exemplary damages against Defendant is appropriate to deter future similar misconduct.

## *XII.* *Attorney's Fees*

**25.** Plaintiff is entitled to recover from Defendant, a reasonable fee for the performance of necessary legal services in the preparation and prosecution of this action in the trial court, as well as an additional amount, for legal services to be performed in the event of an appeal.

**WHEREFORE**, Plaintiff requests that Defendant be cited to appear and answer, and on final trial, that the court enter judgment for Plaintiff and against Defendant for the following:

1. For back pay, plus prejudgment interest as provided by law, from the date of the Plaintiff's lost promotion until the date of judgment.

2. For an award of the present value of front pay due to the plaintiff for a reasonable period following the date of judgment, calculated as of the date of judgment.

3. For additional compensatory damages in an amount within the jurisdiction of this court.

4. For exemplary damages against the Defendant in a sum determined by the trier of fact.

5. For reasonable attorney's fees.

6. For interest after judgment as provided by law.

7. For costs of suit.

8. Such other and further relief to which Plaintiff may be entitled.

*Request for Disclosure*

Under Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

*Prayer*

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Ranoda McClain-Lee, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**Mickey Law Group, PLLC**

By: /s/ Kamisha M. Mickey
KAMISHA M. MICKEY
State Bar Number 24074712
5151 Katy Fwy, Suite 210
Houston, Texas 77007
713.360.7719  Telephone
832.369.0063  Facsimile
kmickey@mickeylawgroup.com

**ATTORNEY FOR PLAINTIFF,
RANODA MCCLAIN-LEE**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**